[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action asking that a marriage be dissolved. All jurisdictional requirements for its maintenance have been met.
The parties intermarried in Millbury, Massachusetts on February 18, 1965. There were three children issue of the marriage. All have reached their majority.
The plaintiff testified that in the early years of the marriage, he found the defendant to be seeing an ex-boy friend and to have had an affair with an uncle. Then after many years the marriage turned no good because the defendant had to have her way. However, he decided to stay until the three children had grown up and gone on their own. Finally after this action was filed the defendant encountered problems because she did not want a divorce. The defendant thought she had a good marriage and although there were problems in the marriage they were no more than all married couples had. She was very upset by the pending divorce, wrote the plaintiff many letters about it, followed the plaintiff after he moved out and found him with a young woman.
The court finds that the plaintiff tired of the marriage and walked out of it when the children were about to leave the family home. The plaintiff plainly was most entirely at fault for the breakdown of the marriage. It is dissolved.
The family residence at 88 Crabtree Lane in Milford shall be put on the market for sale in September of this year and thereafter sold as soon as reasonably possible. The net proceeds of the sale shall be divided 40% to the plaintiff and 60% to the defendant. Until the closing the plaintiff shall pay the mortgage, the equity loan, and the taxes on the property and the defendant may reside in the property and shall pay the utility bills therefor.
The plaintiff shall keep the defendant covered by any medical insurance available through his employer as long as the law CT Page 6261 provides.
The plaintiff shall pay the defendant alimony in the amount of $250 a week until she dies, remarries or cohabits within the meaning of the statute.
The boat shall belong to the plaintiff and he shall pay any amount due on it and shall save the defendant harmless for any liability thereon.
Each party shall be responsible for the fees of their own attorneys.
The Oldsmobile car shall belong to the defendant and the plaintiff shall execute any documents necessary to transfer title to that car to her.
The plaintiff shall be responsible for and pay the bills of Sears Roebuck, the Peoples Mastercard, Peoples Visa and Discover credit cards listed on his financial affidavit, and the defendant shall be responsible for and pay the bill of Bradlee's listed on her financial affidavit.
The defendant shall be entitled to 1/2 of the plaintiff's vested pension amount with his employer and the court will sign any orders necessary to effectuate this transfer to the defendant.
THOMAS J. O'SULLIVAN, TRIAL REFEREE